UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings:   (IN CHAMBERS) Order Re: Defendants' Motion to Compel Arbitration and Stay Action [DE 19]

## I. INTRODUCTION

On December 18, 2020, Christian T. Kim ("Plaintiff") filed a complaint on behalf of himself and all others similarly situated against Gap, Inc., Banana Republic, and Synchrony Bank (collectively, "Defendants"), alleging (1) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing.

Presently before the Court is Defendants' Motion to Compel Arbitration and Stay Action pursuant to an arbitration clause in a credit card agreement ("Account Agreement") between Plaintiff and Defendant Synchrony. For the following reasons, the Court **GRANTS** Defendants' Motion and **STAYS** the action pending the completion of arbitration.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Allegations

Gap and its subsidiaries, including Banana Republic, have a credit card program through which frequent customers can receive rewards benefits. The credit cards are provided by Synchrony under a revenue sharing agreement.

The rewards program allows customers to accumulate points by shopping at Gap or one of its subsidiaries. To qualify for the rewards program, (1) a customer's account must be open, (2) be in good standing, and (3) no more than two payments may be past due both at the time the rewards points are earned and at the time rewards are issued and redeemed. If a customer's account has been inactive for 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

months, points earned but not used towards the issuance of a reward expire 24 months after the last purchase. Further, rewards expire on the expiration date set forth in the issued reward.

Since 2016, Plaintiff has been a part of this rewards program and has had a Banana Republic credit card. Around January 2019, Plaintiff had to replace the credit card because the card was lost and due to fraud alerts. Although Plaintiff's account remained qualified to accumulate and sustain rewards points, Defendants eliminated all of Plaintiff's points—more than 800 of them. Since Plaintiff complained, Defendants have only restored about half of his points.

This lawsuit followed.

**B.      The Arbitration Agreement**

In February 2013, after Plaintiff applied for a Banana Republic credit card, Synchrony mailed a copy of the Account Agreement and the credit card to Plaintiff. Plaintiff agreed to be bound under the Account Agreement by opening or using his account. The terms include a choice-of-law clause, providing that the Account Agreement is governed by federal law and, to the extent state law applies, Utah law. The Account Agreement also contains an arbitration clause ("Arbitration Provision") that provides in pertinent part:

> If either you or we make a demand for arbitration, you and we must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliates, agents and/or The Gap, Inc. if it relates to your account . . . . **YOU AGREE NOT TO PARTICIPATE IN A CLASS, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION AGAINST US IN COURT OR ARBITRATION. ALSO, YOU MAY NOT BRING CLAIMS AGAINST US ON BEHALF OF ANY ACCOUNTHOLDER WHO IS NOT AN ACCOUNTHOLDER ON YOUR ACCOUNT, AND YOU AGREE THAT ONLY ACCOUNTHOLDERS ON YOUR ACCOUNT MAY BE JOINED IN A SINGLE ARBITRATION WITH ANY CLAIM YOU HAVE.**

(White Decl., Ex. A ("Account Agreement") at 7, ECF No. 19-2).[1]

---

[1] The Court takes judicial notice of the Account Agreement pursuant to Federal Rule of Evidence 201(b)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

The Arbitration Provision applied unless Plaintiff opted out by sending Synchrony a notice of rejection. (*Id.*) Plaintiff did not opt out of the Arbitration Provision.

### III.   JUDICIAL STANDARD

The Federal Arbitration Act ("FAA") directs the courts to treat arbitration as "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Because arbitration is a matter of contract, the question of arbitrability is an issue for judicial determination. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). In deciding a question of arbitrability, federal courts consider (1) whether a valid agreement to arbitrate exists between the parties, and (2) whether the arbitration agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If the response is affirmative on both counts, the FAA requires the court to enforce the provision in accordance with its terms. *Id.* The court shall then stay the action pending the outcome of the arbitration or dismiss the action. 9 U.S.C. § 3.

### IV.   DISCUSSION

The parties disagree as to whether the Arbitration Provision is valid. To determine whether an agreement to arbitrate is valid, federal courts "should apply ordinary state-law principles that govern the formation of contracts." *Cir. City Stores v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The parties here, however, dispute which state's principles—Utah or California—govern the validity of the Arbitration Provision. Defendants contend that the Court should employ Utah law, pursuant to the choice-of-law provision in the Account Agreement. Plaintiff does not seem to dispute that if Utah law governs, the Arbitration Provision is valid. He instead argues that California law should control because enforcement of the Arbitration Provision would contravene California public policy since it bars him from seeking public injunctive relief. For the following reasons, the Court finds that Utah law governs, and Plaintiff must arbitrate his claims.

To determine which state's law to apply when deciding the validity of the arbitration agreement, a court applies the choice-of-law rules of the forum state. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010). Here, the forum state is California.

In California, if a contract includes a choice-of-law provision, courts follow the approach laid out in Restatement (Second) of Conflict of Laws § 187. *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 466 (1992). Under this method, courts first inquire (1) whether the selected law "has a substantial relationship to the parties or their transaction," or (2) "whether there is any other reasonable basis for the parties' choice of law." *Id.* If either test is satisfied, courts enforce the choice-of-law clause unless the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

selected state's law is contrary to a fundamental California policy and California has a "materially greater interest than the chosen state in the determination of the particular issue." *Id.*

Plaintiff does not contest that Utah law has a substantial relationship to the parties or their transaction. To the extent that Plaintiff argues that California has a materially greater interest in the determination of Plaintiff's claims, such analysis would only apply if Utah law would also conflict with a fundamental California policy when enforcing the Arbitration Provision. Plaintiff argues that it would be contrary because the Arbitration Provision prohibits him from seeking a public injunction, violating *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017).

In *McGill*, the California Supreme Court held that agreements that prohibit individuals from seeking public injunctive relief "in any forum" are unenforceable. *Id.* at 961. The matter therefore turns on whether the Arbitration Provision purports to waive Plaintiff's right to seek such relief in both court and arbitration. *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148, 1153 (9th Cir. 2021) ("[A]ny contract that bars public injunctive relief in both court and arbitration is invalid."). If it does, applying Utah law would contradict California policy since Utah does not recognize a similar right. But if it does not, then the application of Utah law would not contravene California policy. Accordingly, Utah law would apply, and the Arbitration Provision would be valid and enforceable.

Here, the Arbitration Provision prohibits Plaintiff from bringing "a class, representative or private attorney general action in court or arbitration." (Account Agreement at 7) (emphasis omitted). Relying on *McGill* and *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819 (9th Cir. 2019), Plaintiff argues this provision violates *McGill* since a prohibition on representative and private attorney general actions prevents him from obtaining public injunctive relief. But *McGill* made clear that neither is necessary to seek public injunctive relief. *McGill*, 2 Cal. 5th at 959–60 (concluding that a private individual may pursue public injunctive relief without pursuing "representative claims" or through private attorney general actions); *see also DiCarlo*, 988 F.3d at 1155 (interpreting *McGill* to find that "[p]ublic injunctive relief is available under California law in individual lawsuits—not just in private-attorney-general suits"). Thus, the Arbitration Provision's prohibition does not preclude Plaintiff from seeking a public injunction.

*Blair* does not hold otherwise. In *Blair*, the Ninth Circuit invalidated an arbitration agreement that prohibited the plaintiff from bringing "class, collective, mass, private attorney general, or representative action." 928 F.3d at 831. That, however, was not the issue as Plaintiff suggests. The problem was that it also contained language that "prohibit[ed] the arbitrator from awarding 'relief that would affect . . . account holders other than [the plaintiff].'" *Id.* Together those two clauses precluded an *arbitrator* from awarding public injunctive relief. *Id.* And because another provision in the contract prohibited the plaintiff from seeking public injunctive relief in *court*, the contract violated *McGill* as it prohibited the right to seek public injunctive relief in all fora. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

This means that as long as Plaintiff may seek public injunctive relief in some forum—here, arbitration—the Arbitration Provision does not violate *McGill*. *See id.* at 827 ("[The *McGill* rule] shows no hostility to, and does not prohibit, the arbitration of public injunctions"); *see also DiCarlo*, 988 F.3d at 1158 ("[Since] public injunctive relief is available to DiCarlo in arbitration . . . . the arbitration provision does not violate the *McGill* rule").

And Plaintiff identifies no language in the Arbitration Provision that precludes an arbitrator from awarding public injunctive relief. *Accord. Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F. Supp. 3d 764, 781 (N.D. Cal. 2020) (deciding that an arbitration provision did not violate *McGill* because "nothing in the Agreement here . . . would preclude the arbitrator from awarding public injunctive relief"); *cf. McArdle v. AT&T Mobility LLC*, No. 09-CV-01117-CW, 2017 WL 4354998, at *4 (N.D. Cal. Oct. 2, 2017) (holding that arbitration clause that allowed an arbitrator to "award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" and requiring "all claims and disputes, broadly defined, [to] be arbitrated" constituted a waiver of public injunctive relief in all fora in violation of *McGill*), *aff'd*, 772 F. App'x 575 (9th Cir. 2019).

As a result, the Arbitration Provision does not violate *McGill* since it does not waive Plaintiff's right to seek public injunctive relief in *all fora*. Accordingly, the application of Utah law to the Arbitration Provision would not contravene California policy, and the Arbitration Provision is valid and enforceable.

Defendants also argue that Plaintiff lacks standing to seek public injunctive relief, and even if he does not, he is not seeking public injunctive relief under California law. The Court need not consider these arguments and "instead reserves [these questions] for an arbitrator to decide." *Lee v. Postmates, Inc.*, No. 18-cv-03421-JCS, 2018 WL 4961802, at *10 (N.D. Cal. Oct. 15, 2018).

The Court therefore concludes that Plaintiff's claims must be sent to arbitration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11452-RGK-KS | Date | April 8, 2021 |
|---|---|---|---|
| Title | *Christian T Kim v. Gap, Inc. et al* | | |

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion and **STAYS** this action pending the completion of arbitration. The parties are ordered to file a joint status report within **7 days** of the arbitration proceeding's completion.

**IT IS SO ORDERED.**

_____  :  _____